IN THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI

| | |
|---|---|
| JOSEPH SHOOP, | ) |
| | ) |
| and | ) |
| | ) |
| LAURA SHOOP | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 19AR-CV00453 |
| v. | ) |
| | ) |
| RANDALL RAY FORQUER II, | ) |
| | ) JURY TRIAL REQUESTED |
| and | ) |
| | ) |
| ARKEMA, INC., | ) |
| and | ) |
| | ) |
| WORTHINGTON INDUSTRIES, INC. | ) |
| Serve: Registered Agent | ) |
|    DALE T. BRINKMAN | ) |
|    200 Old Wilson Bridge Road | ) |
|    Columbus, Ohio 43085 | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR DAMAGES

**COME NOW** Plaintiffs, Joseph and Laura Shoop, by and through their counsel, and for

their cause of action against Defendants Randall Forquer II, Arkema, Inc., and Worthington

Industries, Inc., state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Joseph Shoop was, at all relevant times, a citizen and a resident of Adair County,

Missouri.

2. Plaintiff Laura Shoop was, at all relevant times, Plaintiff Joseph Shoop's lawfully married

wife and a citizen and resident of Adair County Missouri.

EXHIBIT A

3. Defendant Randall Forquer II ("Defendant Forquer") is a natural person, resident, and citizen of Adair County, Missouri, and may be served with process at 22751 Crest Trail, Kirksville, Missouri 63501.

4. Racon, Inc. designed, manufactured, tested, marketed, warranted, distributed, inspected, sold, and serviced refrigerant cylinders, including the Subject Cylinder, in the ordinary course of its business. Racon, Inc. merged into Atochem North America, Inc. effective January 1, 1991. Atochem North America, Inc.'s current name is Arkema, Inc (hereinafter collectively referred to as "Arkema, Inc.").

5. Defendant Arkema, Inc. is a Pennsylvania corporation with its principal place of business and headquarters in King of Prussia, Pennsylvania. Defendant Arkema, Inc. can be served by serving its registered agent set forth above.

6. This Court has personal jurisdiction over Defendant Arkema, Inc. pursuant to § 506.500, RSMo. Through its actions and those of its affiliated companies and agents, Defendant Arkema, Inc. transacts business in the State of Missouri in that it causes its products to be marketed, distributed, and sold within this state. As such, Defendant Arkema, Inc. derives significant revenue from its activities and the sale and use of its products in the State of Missouri. Defendant Arkema, Inc. has committed tortious acts in the State of Missouri in that it designed, manufactured, assembled, marketed, distributed, and sold its products for ultimate distribution, sale, and use within the State of Missouri, and Decedent was injured by its defective product. Through its actions, Defendant Arkema, Inc. has submitted to the jurisdiction of this Court and could reasonably anticipate being haled into Missouri courts.

7. Amtrol, Inc. designed, manufactured, tested, marketed, warranted, distributed, inspected, and/or sold refrigerant cylinders, including the Subject Cylinder, in the ordinary course of its

EXHIBIT A

business.  Amtrol, Inc. was acquired by Worthington Industries, Inc. (hereinafter collectively referred to as "Worthington") effective June 2, 2017.

8.  Defendant Worthington is an Ohio corporation with its principal place of business and headquarters in Columbus, Ohio.  Defendant Worthington. can be served by serving its registered agent set forth above.

9.  This Court has personal jurisdiction over Defendant Worthington. pursuant to § 506.500, RSMo. Through its actions and those of its affiliated companies and agents, Defendant Worthington transacts business in the State of Missouri in that it causes its products to be marketed, distributed, and sold within this state.  As such, Defendant Worthington derives significant revenue from its activities and the sale and use of its products in the State of Missouri. Defendant Worthington has committed tortious acts in the State of Missouri in that it designed, manufactured, assembled, marketed, distributed, and sold its products for ultimate distribution, sale, and use within the State of Missouri, and Decedent was injured by its defective product. Through its actions, Defendant Worthington has submitted to the jurisdiction of this Court and could reasonably anticipate being haled into Missouri courts.

10. This Court has subject matter jurisdiction over this matter pursuant to MO. CONST. ART. V § 14.

11. Venue is proper in the Circuit Court for Adair County, Missouri, in that the Plaintiff was first injured in Adair County, Missouri, by Defendants' wrongful and negligent acts described herein.

EXHIBIT A

## GENERAL ALLEGATIONS

12. Defendant Forquer resides at the Subject Property, and on or about August 27, 2018, Plaintiff was invited onto the Subject Property by Defendant Randall Ray Forquer II and/or his agent(s).

13. Plaintiff Joseph Shoop was invited onto the Subject Property with Defendant Forquer's consent to exchange the refrigerant in an outdoor AC unit ("Subject Unit").

14. Plaintiff Joseph Shoop was certified in HVAC and refrigerant removal by the United States Environmental Protection Agency ("EPA").

15. After connecting the Subject Unit to the refrigerant cylinder, ("Subject Cylinder"), the Subject Cylinder exploded, throwing Plaintiff Joseph Shoop away from the Subject Unit and resulting in serious and permanent injuries to Plaintiff Joseph Shoop, including but not limited to: damage to left hand resulting in amputation, damage to his right arm resulting in amputation, and right leg fracture in multiple places.

16. At all relevant times, Plaintiff Joseph Shoop was using the Subject Cylinder in a manner reasonably anticipated and intended by Defendant Arkema, Inc. and its predecessors.

## COUNT I – NEGLIGENCE
### (DEFENDANTS ARKEMA, INC. AND WORTHINGTON)

17. Plaintiffs hereby incorporates by reference the allegations set forth above in the foregoing paragraphs as though more fully set forth herein.

18. Prior to August 27, 2018, Defendants Arkema, Inc. and Defendant Worthington and their predecessors marketed, distributed, inspected, and sold refrigerant cylinders, including the Subject Cylinder, in the ordinary course of their business.

EXHIBIT A

19. At all relevant times hereto, Defendant Arkema, Inc. and Defendant Worthington and their predecessors were actively engaged in the business of designing, manufacturing, marketing, warranting, distributing, and selling refrigerant cylinders.

20. As refrigerant cylinder designers, manufacturers, distributers, and sellers, Defendant Arkema, Inc. and Defendant Worthington and their predecessors knew that their refrigerant recovery cylinders would be used to recover refrigerant from AC units.

21. Defendants Arkema, Inc. and Worthington and their predecessors had a duty of care to exercise reasonable care in the design, testing, manufacture, and sale of the Subject Cylinder.

22. Defendants Arkema, Inc. and Worthington and their predecessors breached their duty to exercise reasonable care in the design, testing, manufacture, and sale of the Subject Cylinder in multiple respects, *including but not limited to*:

    a. The Subject Cylinder, including its associated component parts, failed to function properly when used in a foreseeable way;

    b. The Subject Cylinder, including the girth weld, failed when subjected to reasonably foreseeable internal pressures;

    c. The Subject Cylinder, including the valve system, failed to properly release excess pressure;

    d. The Subject Cylinder, including its component parts, lacked adequate testing and/or inspection to ensure it was reasonably suitable for its intended and anticipated purposes before it was distributed and sold; and

    e. In other respects unknown to Plaintiffs at this time but which may become known prior to trial.

EXHIBIT A

23. The Subject Cylinder was unreasonably dangerous and defective for normal, foreseeable, and reasonably anticipated use because of its unreasonably dangerous, unsafe, and defective design, manufacture, testing, marketing, inspection, servicing, and distribution.

24. At all times pertinent, the Subject Cylinder was used in a manner reasonably anticipated and intended by Defendants Arkema, Inc. and Worthingtib and their predecessors.

25. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Cylinder, Plaintiff Joseph Shoop sustained severe injuries.

26. As a direct result of the defective condition of the Subject Cylinder, Plaintiff Joseph Shoop sustained the following damages: past, present, and future medical and rehabilitation expenses; pain and suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of body; impairment of general health, strength, and vitality; and permanent impairment of earning capacity.

27. Defendants Arkema, Inc. and Worthington or one of their predecessors distributed and sold the Subject Cylinder to the public in a defective condition with conscious disregard for the potential risks to consumers, thereby demonstrating willful, wanton, and malicious conduct and showing a complete indifference to or conscious disregard for the safety of others. Due to the nature of Defendant Arkema and/or Defendant Worthington's actions, Plaintiff Joseph Shoop is entitled to punitive damages in an amount that will serve to punish Defendants. and deter like conduct.

WHEREFORE, Plaintiffs pray for this Court to enter judgment against Defendants Arkema, Inc. and Worthington for a reasonable sum of money as will fairly and reasonably compensate Plaintiff Joseph Shoop for his injuries and damages; for Plaintiffs' costs herein expended and

EXHIBIT A

incurred; for prejudgment interest; for post-judgment interest; for punitive damages; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – STRICT LIABILITY
### (DEFENDANTS ARKEMA, INC. AND WORTHINGTON)

28. Plaintiffs hereby incorporate by reference the allegations set forth in the foregoing paragraphs as if more fully set forth herein.

29. Defendants Arkema, Inc. and Worthington and their predecessors designed, manufactured, tested, marketed, distributed, inspected, sold, and serviced refrigerant cylinders, including the Subject Cylinder, in the ordinary course of their business.

30. At the time the Subject Cylinder left the control of Defendants Arkema, Inc. and Worthington or their predecessors, it was defective and unreasonably dangerous in several respects, *including but not limited to*, the following:

    a.  The Subject Cylinder, and its associated component parts, failed to properly hold refrigerant;

    b.  The Subject Cylinder and valve system, lacked adequate design in failing to include a check valve;

    c.  The Subject Cylinder and valve system, including its associated component parts, lacked adequate design to assure proper performance in foreseeable circumstances;

    d.  The Subject Cylinder, including its associated component parts, was assembled, installed, marketed, distributed, and sold with defectively manufactured girth weld; and

    e.  The Subject Cylinder and valve system, including its associated component parts, lacked adequate testing and/or inspection before it was distributed or sold to ensure it was reasonably suitable for its intended purpose;

EXHIBIT A

31. The Subject Cylinder was expected to and did reach the hands of Plaintiff Joseph Shoop without substantial change or modification and was in substantially the same condition on or about August 27, 2018, as it was when it left the possession and control of Defendants Arkema, Inc. and Worthington or one of their predecessors.

32. At all times pertinent, the Subject Cylinder was used in a manner reasonably anticipated and intended by Defendants Arkema, Inc. and Worthington.

33. Defendants Arkema, Inc. and Worthington and their predecessors knew or should have known that the Subject Cylinder would be used without inspection for defects, and it represented that the Subject Cylinder could be safely used for the ordinary purpose for which it was purchased.

34. Defendants Arkema, Inc. and Worthington and their predecessors knew or should have known that the Subject Cylinder was defectively designed and/or defectively manufactured in the respects set forth above.

35. Furthermore, the Subject Cylinder was in a defective and unreasonably dangerous condition in that it failed to give Plaintiff Joseph Shoop fair and adequate notice of the danger and possible consequences of using the Subject Cylinder in the intended and appropriate manner.

36. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Cylinder, Plaintiff Joseph Shoop sustained severe injuries.

37. As a direct result of the defective condition of the Subject Cylinder, Plaintiff Joseph Shoop sustained the following damages: past, present, and future medical and rehabilitation expenses; pain and suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of body; impairment of general health, strength, and vitality; and permanent impairment of earning capacity.

EXHIBIT A

38. Defendants Arkema, Inc. and Worthington and their predecessors distributed and sold the Subject Cylinder to the public in a defective condition with conscious disregard for the potential risks to consumers, thereby demonstrating willful, wanton, and malicious conduct and showing a complete indifference to or conscious disregard for the safety of others. Due to the nature of Defendant Arkema and/or Defendant Worthington's actions, Plaintiff Joseph Shoop is entitled to punitive damages in an amount that will serve to punish Defendants and deter like conduct.

WHEREFORE, Plaintiffs pray for this Court to enter judgment against Defendants Arkema, Inc. and Worthington for a reasonable sum of money as will fairly and reasonably compensate Plaintiff Joseph Shoop for his injuries and damages; for Plaintiffs' costs herein expended and incurred; for prejudgment interest; for post-judgment interest; for punitive damages; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE
## (DEFENDANT RANDALL RAY FORQUER II)

39. Plaintiffs hereby incorporate by reference the allegations set forth in the foregoing paragraphs as if more fully set forth herein.

40. Plaintiff Joseph Shoop was invited by Defendant Forquer onto the Subject Property with his consent to exchange refrigerant from the Subject Unit on the property.

41. The Subject Unit posed an unreasonable risk of harm to entrants upon the property and those exchanging the refrigerant in it, including Plaintiff.

42. Defendant Forquer failed to warn Plaintiff Joseph Shoop of the dangerous of the refrigerant that the Subject Unit was filled with.

43. At all times mentioned, Defendant Forquer had the duty to exercise reasonable care to protect Plaintiff Joseph Shoop against both known dangers and those that would be revealed by inspection.

EXHIBIT A

44. Defendant Forquer through the exercise of ordinary care knew or should have known that the Subject Unit posed a dangerous condition on the Subject Property.

45. Defendant Forquer failed to use ordinary care to warn of the dangerous condition on the Subject Property.

46. Defendant Forquer knew or should have known that Plaintiff Joseph Shoop would not discover such condition or realize the risk of harm.

47. As a result of Defendant Forquer's failure to warn of the dangerous condition, the Subject Cylinder exploded after it was connected to the Subject Unit, throwing Plaintiff Joseph Shoop and resulting in serious and permanent injuries to Plaintiff, including but not limited to: damage to left hand resulting in amputation, damage to his right arm resulting in amputation, and right leg fracture in multiple places.

48. As a direct result of the dangerous condition of the Subject Unit, Plaintiff Joseph Shoop sustained the following damages: past, present, and future medical and rehabilitation expenses; pain and suffering and psychological anguish; loss of enjoyment of life; permanent loss of the complete and normal use of body; impairment of general health, strength, and vitality; and permanent impairment of earning capacity.

WHEREFORE, Plaintiffs pray for this Court to enter judgment against Defendant Randall Ray Forquer for a reasonable sum of money as will fairly and reasonably compensate Plaintiff for his injuries and damages; for Plaintiffs' costs herein expended and incurred; for prejudgment interest; for post-judgment interest; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV – LOSS OF CONSORTIUM
### (ALL DEFENDANTS)

EXHIBIT A

1.    Plaintiff Laura Shoop hereby incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

2.    At all times relevant hereto, Plaintiff Laura Shoop was the husband of Joseph Shoop.

3.    As a direct and proximate result of Defendants' negligence and the defective condition of the Subject Cannister as aforesaid and Plaintiff Joseph Shoop's resulting injuries aforesaid, Plaintiff Laura Shoop was deprived, and will in the future be deprived, of the companionship, consortium, instruction, guidance, counsel, training, and support of her husband, all to her detriment.

WHEREFORE, Plaintiff Laura Shoop prays for judgment against Defendants, jointly and severally, for damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), for punitive damages in such sum as will serve to punish Defendant Arkema Inc., and others from engaging in like conduct, for costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all asserted allegations, claims, and causes of action.

EXHIBIT A

Respectfully Submitted,

**LANGDON & EMISON, LLC**

/s/ Brennan B. Delaney
J. Kent Emison, MO Bar No. 29721
Brett Emison, MO Bar No. 52072
Brennan B. Delaney, MO Bar No. 61024
911 Main Street
P.O. Box 220
Lexington, Missouri 64067
Telephone:  (660) 259-6175
Facsimile:  (660) 259-4571
Kent@lelaw.com
Brett@lelaw.com
Brennan@lelaw.com
-and-
Jay Benson
The Benson Law Firm, LLC
111 South Baltimore Street
P.O. Box 219
Kirksville, Missouri 63501
Telephone: (660) 627-0111
Facsimile: (660) 627-0113
jbenson@bensonlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT A